UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SHANNON ARMSTRONG, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> GULICK TRUCKING, INC., an Oregon Corporation; <br><br> Defendant. | NO. <br><br> **COMPLAINT FOR DAMAGES** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Shannon Armstrong ("Armstrong" or "Plaintiff") requests damages and attorneys' fees and costs for the wrongful conduct of her former employer, Gulick Trucking, Inc. ("Gulick" or "Defendant").

**I.    JURISDICTION AND VENUE**

1.1     This action arises from an employment relationship between Plaintiff and Defendant. Plaintiff alleges claims based on violations of Washington's Paid Family and

COMPLAINT FOR DAMAGES - 1

**MBE Law Group PLLC**
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

Medical Leave statute ("WPFML"), the Family Medical Leave Act ("FMLA"), and the Washington Law Against Discrimination ("WLAD").

1.2 This Court has subject matter jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1.3 Venue is proper in the Western District of Washington because the events and transactions giving rise to Plaintiff's claims took place in the Western District of Washington.

## II.  PARTIES

2.1 Plaintiff resides in Clark County, Washington.

2.2 Defendant is an "employer" with the requisite number of employees to be subject to WPFML, FMLA, and the WLAD.

2.3 Defendant's principal place of business is located in Vancouver, Washington.

2.4 At all times relevant, Defendant employed Plaintiff in Vancouver, Washington.

## III.  FACTUAL BACKGROUND

3.1 Armstrong worked full-time for Gulick as support staff.

3.2 In January 2020, Armstrong's health began to decline. Initially, Armstrong utilized company vacation and sick time to seek medical care.

3.3 In September 2021, Armstrong informed her supervisor about her medical issues and requested time off from work to seek medical care. Armstrong's manager refused the request for time off and told Armstrong to reschedule medical appointments so that they did not interfere with work. At that time, Armstrong's supervisor did not inform Armstrong

COMPLAINT FOR DAMAGES - 2

about her family medical leave rights or direct Armstrong to discuss the same with Gulick's Human Resources Department.

3.4     Instead, Armstrong's manager divulged Armstrong's confidential medical information to Armstrong's colleagues without her knowledge or consent.

3.5     By November 2021, Armstrong was physically too ill to work.  After almost collapsing during her shift, Armstrong was escorted off of Gulick's premises by her husband.

3.6     Armstrong took family medical leave from November 2021 to February 2022.  When Armstrong returned to work, Gulick employees asked Armstrong invasive and inappropriate questions about her medical condition.  Armstrong was shocked, sickened, and humiliated by her supervisor's actions.

3.7     When Armstrong returned to work in February 2022, she had a new supervisor.

3.8     Armstrong's new supervisor repeatedly told Armstrong that Armstrong's family medical leave really put the department in a jam.  She asked Armstrong to immediately start working on a training manual for Armstrong's position.

3.9     Additionally, Armstrong's new supervisor began actively looking for reasons to terminate Armstrong.  Prior to Armstrong's medical leave, Armstrong had never been written up or provided with a performance improvement plan.

3.10    First, Armstrong's supervisor falsely accused Armstrong of inappropriately accessing ADP.

3.11    Second, Armstrong's supervisor wrote Armstrong a written warning after Armstrong inadvertently found her supervisor's vodka hidden in a cabinet in the office.  On information and belief, Armstrong's new supervisor drank on the job and told her employees that alcohol made her more effective.

3.12     Armstrong could not take the harassment and retaliation any further.  On May 13, 2022, Armstrong spoke with another supervisor at Gulick about the harassment and retaliation she was facing and asked that manager to help her.

3.13     In response, the supervisor Armstrong complained to sent an email to Gulick owners, Billy and Rich, about the complaint she had received from Armstrong that day. Armstrong was copied on the email.

3.14     On May 16, 2022, Armstrong's manager fired her.  When Armstrong asked why she was being terminated, Armstrong's manger explained that it was because Armstrong had complained to the wrong employee when reporting claims of harassment and retaliation. Armstrong's manager then chuckled and told Armstrong that William Savoie, another Gulick support staff who was seeking family medical leave, would be next.

3.15     Armstrong was never contacted by any member of Gulick's Human Resources Department about her complaints of retaliation and hostile work environment.  Instead, Billy Gulick told Armstrong that her only viable option was to sue him.

## IV.     CLAIMS

### FIRST CAUSE OF ACTION
### (WPFML Interference and Retaliation – RCW 50A *et seq*.)

4.1     Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 3.15 above.

4.2     Plaintiff provided Defendant with adequate notice of her need to take WPFML as early as September 2021.

4.3     Following Plaintiff's notice, Defendant refused to provide Plaintiff with timely information about her leave options and instead required her to forego important medical care.

COMPLAINT FOR DAMAGES - 4

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

4.4 After Plaintiff returned from WPFML, Defendant retaliated against Plaintiff by falsely accusing her of performance issues, issuing Plaintiff frivolous write-ups, and by terminating Plaintiff's employment.

4.5 Defendant knew or should have known of the interreference or retaliation and failed to take reasonably prompt and adequate corrective action designed to end it.

4.6 The above facts give rise to claims against Defendant for violations of WPFML statute including, but not limited to, RCW 50A.40.010.

## SECOND CAUSE OF ACTION
### (FMLA Interference and Retaliation - 29 U.S.C. §§ 2601-2654)

4.7 Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.6 above.

4.8 Plaintiff provided Defendant with adequate notice of her need to take family medical leave as early as September 2021.

4.9 Following Plaintiff's notice, Defendant refused to provide Plaintiff with timely information about her FMLA options and instead required her to forego important medical care.

4.10 After Plaintiff returned from family medical leave, Defendant retaliated against Plaintiff by falsely accusing her of performance issues, issuing Plaintiff frivolous write-ups, and by terminating Plaintiff's employment.

4.11 Defendant knew or should have known of the interreference or retaliation and failed to take reasonably prompt and adequate corrective action designed to end it.

4.12 The above facts give rise to a claim against Defendant for violations of the FMLA including, but not limited to, 29 U.S.C. § 2615(a)(1)-(2).

### THIRD CAUSE OF ACTION
### (WLAD Disability Discrimination and Retaliation – RCW 49.60 *et seq*.)

4.13   Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.12 above.

4.14    Defendant discriminated against Plaintiff on the basis of disability in violation of the WLAD.

4.15   Defendant retaliated against Plaintiff by immediately terminating Plaintiff's employment after Plaintiff complained about being harassed and retaliated against by her supervisor on the basis of disability.

4.16   The above facts give rise to claims against Defendant for violations of the WLAD including, but not limited to, RCW 49.60.180 and RCW 49.60.210.

### FOURTH CAUSE OF ACTION
### (WLAD Hostile Work Environment – RCW 49.60 *et seq*.)

4.17   Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.16 above.

4.18   Defendant created and maintained a hostile work environment based on disability.  The harassment was unwelcome and it affected the terms and conditions of Plaintiff's employment.

4.19   Defendant knew about the hostile work environment and chose to not address or ameliorate it.

4.20   The above facts give rise to claims against Defendant for violations of the WLAD including, but not limited to, RCW 49.60.180.

**FIFTH CAUSE OF ACTION**
**(Violation of RCW 49.44.211)**

4.21    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.20 above.

4.22    Defendant terminated Plaintiff for discussing harassment and retaliation she was experiencing at work in violation of RCW 49.44.211, thereby entitling Plaintiff to damages pursuant to RCW 49.44.211(7).

## V.    DAMAGES

5.1    Plaintiff re-alleges and hereby incorporate paragraphs 1.1 through 4.22 above.

5.2    As a direct result of Defendant's unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, liquidated damages, emotional distress damages, and attorneys' fees and costs, all in amounts to be determined at trial.

## VI.    DEMAND FOR JURY

6.1    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## VII.    PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant for the following:

a.    Damages for back pay, front pay, and lost benefits in an amount to be determined at trial;

b.    Liquidated damages;

c.    Emotional distress damages for pain and suffering;

d.    Prejudgment interest;

e.    Compensation for the tax consequences associated with a damages award;

f.    Attorneys' fees and costs pursuant to any applicable statutes; and

COMPLAINT FOR DAMAGES - 7

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington 98101
(206) 400-7722

g.   Any further and additional relief that the court deems just and equitable.

DATED this 26th day of August, 2022.

**MBE LAW GROUP PLLC**

By: *s/ Lisa A. Burke*

Lisa A. Burke, WSBA No. 42859
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Tel: (206) 400-7722
Fax: (206) 400-7742
Email: lburke@mbelg.com

*Attorneys for Plaintiff Armstrong*